Judge MELANSON,
dissenting in part.
' The majority opinion holds that the use of physical restraints during juvenile evidentiary hearings violates due process absent a case-by-case finding of necessity. I respect-
fully dissent from that part of the opinion. I do so with some reluctance because I believe that the’reasons advanced by the majority in support of its ruling are sound as a matter of policy. I agree, for example, that prohibiting the routine use of physical restraints allows juvenile defendants to face the court with the appearance, dignity, and self-respect of a free and innocent person. See State ex rel. Juvenile Dep’t of Multnomah Cnty. v. Millican, 138 Or.App. 142, 906 P.2d 857, 859 (1995). Further, I agree that restraints are something of an affront- to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold. See People v. Duran, 16 Cal.3d 282, 127 Cal.Rptr. 618, 545 P.2d 1322, 1327 (1976). I do not deny that the use of restraints is contrary to the rehabilitative objectives of the juvenile justice system. See Tiffany A. v. Superior Court, 150 Cal.App.4th 1344, 59 Cal.Rptr.3d 363, 375-76 (2007). I recognize that, in some eases, restraints might interfere with a defendant’s ability to communicate with counsel.[1] See Deck v. Missouri, 544 U.S. 622, 631, 125 S.Ct. 2007, 2013, 161 L.Ed.2d 953, 963-64 (2005). Finally, it cannot be denied that juveniles are different from adults and should be treated differently. See John Varin and Sharon Burke, The Unique Philosophy and History of Juvenile Courts, 46 The Advocate, Official Publication of the Idaho State Bar, Sept. 2003 at 22-24. I think there are many good reasons to prohibit routine shackling of juveniles in evidentiary hearings but the Constitution is not one of them. In my view, the use of restraints without a case-by-case determination of necessity in juvenile cases does not amount to a violation of due process because there is nothing about the use of restraints in nonjury proceedings that deprives the defendant of a fair trial.
Except in the context of jury trials and the penalty phase in capital cases (jury proceedings), neither the Idaho Appellate Courts nor the United States Supreme Court have recognized a constitutional right to be free from restraints while appearing in court. See *59 Deck, 544 U.S. at 631, 125 S.Ct. at 2013, 161 L.Ed.2d at 963-64; State v. Wright, 153 Idaho 478, 484, 283 P.3d 795, 801 (Ct.App.2012). Notably, those cases prohibit the routine use of visible restraints in jury proceedings. Plainly, the chief harm prevented by prohibiting visible restraints in jury cases is possible juror bias which would deprive the defendant of a fair trial-a due process violation. I respect the view of the majority and I concede that appellate courts in other states have found a due process violation in the use of restraints at juvenile evidentiary hearings and other nonjury hearings. We need not do so. By finding a constitutional right in this case, the majority needlessly opens the door to claims that the Constitution prohibits the routine use of restraints in all court appearances in adult and juvenile cases because many of the reasons cited by the majority in support of its ruling apply to all defendants in all proceedings. After all, it cannot be denied that adult and juvenile defendants at all stages of the proceedings (at least until a determination of guilt) should be entitled to face the court with the appearance, dignity, and self-respect of a free and innocent person and, in every ease, restraints are something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold even when restraints are entirely justified. Furthermore, it is not too much of a stretch to say that the routine use of restraints may be contrary to the rehabilitative goals of both juvenile and adult proceedings.
In my view, the Constitution does not prohibit the routine use of restraints in juvenile evidentiary hearings. The use of restraints in juvenile cases should be prohibited, but such should be accomplished by rule or statute. Therefore, I respectfully dissent. I fully concur with the remainder of the majority opinion.

. Apparently some kinds of restraints may interfere with a defendant's ability to communicate with counsel. This implicates Fifth and Fourteenth Amendment issues which would be alleviated by the use of restraints that do not impede the ability to communicate with counsel.